IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM RANDOLPH UMSTEAD, ) | 1:04CR208-1 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| DURHAM CITY TRANSIT ) | |
| COMPANY, ) | |
| ) | |
| Garnishee. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant's two requests for a hearing, requests for appointment of counsel, and requests for copies of a "Victims Impact" document. (*See* Docket Entries 68, 71.) The Government has filed responses to both motions. (Docket Entries 69, 72.) For the reasons that follow, this Court recommends that Defendant's motions be denied.

**PROCEDURAL HISTORY**

On August 17, 2004, Defendant William Randolph Umstead pled guilty, pursuant to a plea agreement, to one count of Conspiracy to Make, Possess, and Utter Counterfeit Securities in violation of 18 U.S.C. §§ 371 and 513(a). On February 10, 2005, Defendant was sentenced to sixty (60) months in prison and ordered to pay a special assessment in the

amount of $100.00 and restitution in the amount of $44,567.81. (Docket Entry 24.) As of June 25, 2020, the sum of $420.00 has been credited to the judgment debt, leaving a total balance of $63,880.38, which includes principal in the amount of $44,247.81, and interest in the amount of $19,632.57. (*See* Notice to Defendant Debtor, Docket Entry 65.)

On June 25, 2020, the Government moved for a Writ of Continuing Garnishment as to Defendant's wages from his employment with Durham City Transport Company ("Durham City Transport"). (Docket Entry 63.) The Writ issued to Durham City Transport on June 29, 2020 advised that an answer must be made within ten (10) days after service of the Writ. (Docket Entry 64.) In the Notice to Defendant filed June 29, 2020, he was advised that he must notify the Court within 20 days of receipt of the Notice that he wanted to request a hearing. (Docket Entry 65.) On July 9, 2020, and later on August 13, 2020, Defendant requested a hearing on the grounds that he "was told that [he] didn't owe a restitution after being released from prison." (Docket Entry 68; *see also* Docket Entry 71.) Garnishee Durham City Transport has filed an answer on August 10, 2020, setting forth wage information for Defendant. (Docket Entry 70.)

## STANDARD OF REVIEW

As noted, the Judgment of Criminal Conviction contains an Order for restitution in the amount of $44,567.81. Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. § 3664(m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The Federal Debt Collection Procedures Act (FDCPA) allows the United States to garnish

2

property of a debtor. 28 U.S.C. § 3205(a) ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."). The statute sets forth the procedures to be followed in obtaining a Writ of Continuing Garnishment and there is no dispute that the Government has complied with these procedures. *See* 28 U.S.C. § 3205.

## DISCUSSION

### A. Request for Hearing

Defendant has requested a hearing. The statute provides that the judgment debtor may file objections to the answer and request a hearing. 28 U.S.C. § 3205(c)(5). Once the Writ of Continuing Garnishment has been issued, a debtor may claim exemptions but there is no specific statutory procedure for objecting to the Writ itself. 28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. § 3205(c)(3)(B) ("The United States shall serve the . . . judgment debtor with a copy of the writ of garnishment[.] The Writ shall be accompanied by [] instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").

"Under FDCPA, a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. . . . [However] the issues . . . are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements." *United States v. Pugh*, 75 Fed. App'x. 546, 547 (8th Cir. 2003); *accord*, 28 U.S.C. § 3202(d) (a hearing concerning the enforcement of a judgment by the United States is

3

limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default). "What defendants may not contest is their claimed inability to afford the amount of garnishment." *United States v. Wilson*, No. 03:CR407-3, 2014 WL 297676, at *2 (M.D.N.C. Jan. 27, 2014) (quoting *United States v. Bullock*, No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011)); *see also United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (holding that "consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing.").

Permissive exemptions, as enumerated in the Writ of Continuing Garnishment, (Docket Entry 64), include the following: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under Job Training Partnership Act, 29 U.S.C. § 1501 et seq. *See* 18 U.S.C. § 3613(a)(1) (exempting property listed in 18 U.S.C. § 6334(a)(1)-(8), (10), (12)).

Here, Defendant claims no exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. Rather than claiming an exemption enumerated in the Writ, Defendant asserts that he was told that he "had no restitution" and that the losses from Victims Impact were "made up" to generate a "false sentence[.]" (Docket Entry 71.) The equities of the case, as asserted by Defendant, are not within scope of a garnishment hearing. *See Wilson*, 2014 WL 297676, at *2.

Furthermore, Defendant does not dispute the amount owed. The Government seeks to garnish Defendant's earnings as authorized by the FDCPA, *i.e.*, 25 percent of Defendant's non-exempt disposable earnings. *See* 28 U.S.C. § 3002(9). The Government in this case seeks no more from Defendant than allowed under the law. Defendant has thus raised no valid objection to the Writ. Therefore, Defendant's requests for a hearing concerning the Writ should be denied.

**B. Request for Appointment of Counsel**

Defendant has also requested court-appointed counsel to represent him in a garnishment proceeding. (Docket Entries 68, 71.) As an initial matter, in light of denying of the Request for Hearing, any request for appointment of counsel is moot. Additionally, the district court need not appoint counsel in garnishment hearings.

A garnishment enforcing a criminal restitution judgment is civil in nature and is collateral to the underlying criminal conviction. *See United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007). In such collateral matters, defendants do not possess a right to counsel derived from the Sixth Amendment. *United States v. Cohan*, 798 F.3d 84, 90 (2d Cir. 2015) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (holding defendant lacks Sixth Amendment right to counsel during collateral proceeding), *superseded on other grounds by Bannister v. Davis*, 140 S. Ct. 1698 (2020)); *see also United States v. Greene*, 2016 WL 3526054, at *5 (M.D.N.C. June 3, 2016) (unpublished); *United States v. Flores*, No. 1:10CR332-2, 2012 WL 1463602, at *3-7 (M.D.N.C. Apr. 27, 2012) (unpublished).

In civil proceedings, litigants do not have a right to appointment of counsel. *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968). A district court may request counsel to represent

5

an indigent party in a civil case if a litigant "show[s] that his case is one with exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (1987). Additionally, a court may appoint counsel if a pro se defendant has a "colorable [defense to the garnishment] but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978); *see also Greene*, 2016 WL 3526054, at *5; *Flores*, 2012 WL 1463602, at *7.

Here, Defendant does not present an exceptional circumstance nor a colorable defense in which he lacks the capacity to present. Defendant's claim does not fall within the permissive scope for a garnishment hearing and does not constitute a colorable claim. As such, Defendant's request for appointment of counsel should be denied.

## C. Request for Copies of Victims Impact Documents

Finally, Defendant has requested copies of the Victims Impact document that lists losses used to determine the restitution amount. (Docket Entry 71.) In light of the recommendation that Defendant's requests for a hearing be denied, any request for copies of Victims Impact documents is moot. As such, Defendant's request should be denied.

## CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's Motions for a hearing, appointment of counsel, and request for copies of documents (Docket Entries 68, 71) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

September 1, 2020
Durham, North Carolina

6

Case 1:04-cr-00208-TDS   Document 73   Filed 09/01/20   Page 6 of 6