IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,      )
                               )
                               )
         v.                    )
                               )
WILLIAM RANDOLPH UMSTEAD,      )       1:04CR208-1
                               )
         Defendant,            )
                               )
         and                   )
                               )
DURHAM CITY TRANSIT            )
COMPANY,                       )
                               )
         Garnishee.            )
```

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on September 1, 2020, was served on the parties in this action. (Docs. 73, 74.) Defendant objected to the Recommendation (Doc. 75) and the Government responded (Doc. 76).

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report.

The court will, however, address one of Defendant's objections specifically. To the extent Defendant requests a hearing on grounds that he disputes the amount of restitution owed (Doc. 75 at 1-2), such statement is conclusory and without merit.

There is nothing in the record that alters or modifies the restitution amount as set forth in Defendant's Judgment. (See Doc. 24.) Moreover, Defendant's own statements are inconsistent with what amount, if any, he allegedly owes. (Compare Doc. 75 at 1 (Defendant "contends that there was no restitution ordered and when he was on probation there was no restitution") and id. at 2 (Defendant "contends that he owes the Victims $6,000 plus interest").) Defendant's self-serving and inconsistent statements do not entitle him to a hearing on the garnishment proceedings in this matter.

Furthermore, as the United States Magistrate articulated, a hearing pursuant to 28 U.S.C. § 3202(d) is "limited to the validity of any claim of exemption and the government's compliance with [the Federal Debt Collection Procedures Act's] statutory requirements." United States v. Pugh, 75 Fed. App'x 546, 547 (8th Cir. 2003); accord, 28 U.S.C. § 3202(d) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default). The hearing is not designed to give the Defendant an opportunity to "challenge the validity of [his] restitution obligation." Pugh, 75 F. App'x at 547. See also United States v. Goyette, 446 F. App'x 718, 720-21 (5th Cir. 2011) (per curium) (concluding that a defendant "cannot use this

garnishment proceeding to collaterally attack the amount of restitution ordered in his criminal case"); United States v. Blondeau, No. 5:09-CR-00117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) (unpublished) ("An objection to garnishment proceeding is not the proper vehicle to attack the Court's Judgment and order of restitution.") (collecting cases), report and recommendation adopted, No. 5:09-CR-117-1H, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011) (unpublished); United States v. Calcutt, No. CRIM. 1:04CR72, 2006 WL 2938853, at *2 (W.D.N.C. Oct. 12, 2006) (unpublished) ("In essence, the Defendant seeks to attack the judgment of restitution.  That may not be done in this procedural posture.").

In sum, Defendant's objections are without merit.  The court therefore adopts the Magistrate Judge's Recommendation.

IT IS HEREBY ORDERED that Defendant's motions for a hearing, appointment of counsel, and request for copies of documents (Docs. 68, 71) be DENIED.

       /s/   Thomas D. Schroeder
    United States District Judge

October 6, 2020